HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSEPH FATA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MCLANE COMPANY, INC,<br><br>　　　　　Defendant. | CASE NO. C13-6033 RBL<br><br>ORDER ON MOTION TO REMAND |

THIS MATTER is before the Court on Plaintiff Fata's Motion to Remand. Fata claims that this Court does not have subject matter diversity jurisdiction over the claim because although the parties are diverse, the amount in controversy does not exceed $75,000. Defendants argue that it does, but even if the case is remanded, the Court should determine that Plaintiff is judicially stopped from seeking more than the jurisdictional limit. Both parties also seek attorneys' fees.

Under *Conrad Associates v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196 (N.D. Cal. 1998) and numerous other authorities, the party asserting federal jurisdiction has the burden of proof on a motion to remand to state court. The removal statute is strictly construed against removal jurisdiction. The strong presumption against removal jurisdiction mans that the

1  defendant always has the burden of establishing removal is proper.  *Conrad*, 994 F. Supp. at
2  1198.  It is obligated to do so by a preponderance of the evidence.   *Id.* at 1199; *see also Gaus v.*
3  *Miles*, 980 F.2d 564, 567 (9th Cir. 1992).  Federal jurisdiction must be rejected if there is any
4  doubt as to the right of removal in the first instance.  *Id.* at 566.

5      The parties' competing arguments and evidence about how much is actually at stake are
6  about equally compelling.  The complaint could be read to seek a wide range of damages, if the
7  claims are meritorious, but the salary differential is only $10,000.  Doubts—and there are
8  some—about the propriety of removal in the first instance means that the Defendant cannot meet
9  its burden and the Motion to Remand must be GRANTED.

10      Because this Court does not have subject matter jurisdiction, the issue of judicial
11  estoppels is not for this court to determine.  It does seem clear that the Defendants could make a
12  compelling case for judicial estoppel to the state court.

13      This case is REMANDED to the Pierce County Superior Court, and the Clerk shall send
14  a copy of this Order to the Clerk of that Court.

15      The Court will not award fees or costs to any party.

16      IT IS SO ORDERED.

17      Dated this 20th day of March, 2014.

*[Signature: Ronald B. Leighton]*

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE